| UNITED STATES BANKRUPTCY COURT | 13-3589448 |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------

| In Re: | Chapter 7 |
| **LEONID CHATKHAN,** | Case No. 10-46775 (CEC) |
| Debtor. | |

-----------------------------------------------------------

**ROBERT L. GELTZER**, as Trustee of the
Estate of **LEONID CHATKHAN**,

        Plaintiff,         **Adv. Pro. No.**

-against-

**KARAMVIR DAHIYA**,

        Defendant.

-----------------------------------------------------------x

## COMPLAINT

The Complaint of Robert L. Geltzer (the "Trustee") as Trustee of Leonid Chatkhan (the "Debtor") by his attorneys, the Law Offices of Robert L. Geltzer, respectfully avers as follows:

### Jurisdiction and Venue

1. The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Order July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

2. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), and (O). Because this is a core proceeding, the

Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding.

3. This adversary proceeding is also commenced pursuant to Sections 101, 105(a), 541, 542, 548, 550 and 551 of the United States Bankruptcy Code; the general equity powers of the Bankruptcy Court; the general common law; and Federal Rules of Bankruptcy Procedure (FRBP) §§ 6009, 7001, 7008, et seq. to avoid and recover a fraudulent conveyance of money or property of the estate.

## Background and Parties

4. On or about July 19, 2010 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

5. On or about October 20, 2010, this case was converted to Chapter 7 of the Bankruptcy Code.

6. On or about October 20, 2010, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the United States Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

8. Upon information and belief, Karamvir Dahiya (the "Defendant") is an individual practicing law as Dahiya Law Offices, LLC at 350 Broadway, Suite 412, New York, New York 10013.

9. This proceeding seeks the avoidance of the fraudulent transfer of funds of the Debtor to, or for the benefit of, Defendant, and the turnover to the Trustee of the sums received by him as a result of such transfer, plus interest from the date of the transfer.

## First Claim for Relief

### Avoidance of the Transfer as a Fraudulent Conveyance Pursuant 11 U.S.C. §§ 548, 550 and 551

10. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. Upon information and belief, and/or the Schedules attached to the Debtor's petition, and/or the Debtor's testimony at the § 341 meeting, and/or Debtor's affidavit of October 15, 2010, and/or Defendant's May 3, 2010 Declaration in Support of Debtor's [i.e., Irina Chatkhan, Debtor's wife, and the debtor in case #09-51286-CEC reposing in this Court] paragraph 10 Motion to Retain Dahiya Law Group, LLC as counsel to the Debtor [i.e., Irina Chatkhan], and her May 3, 2010 application, paragraph 14.e. thereof, transferred $15,000.00 (the "Funds") to the Defendant to pay for legal services in connection with his wife's bankruptcy (the "Transfer").

12. The Funds are property of the estate as provided for in § 541 of the Bankruptcy Code.

13. Upon information and belief, no monetary or other consideration was received by the Debtor from Defendant in exchange for the $15,000.00.

14. Upon information and belief, said disposition and/or parting with the funds comprising the Transfer was a "transfer(s)" under § 101(54) of the Bankruptcy Code.

15. Upon information and belief, the Debtor received less than a reasonably equivalent value for the Transfer.

16. Upon information and belief, the Debtor was insolvent at the time of the Transfer or was rendered insolvent as a result of such Transfer and/or was left with unreasonably little capital as a result of the Transfer.

17. On or about November 16, 2010, the Trustee wrote to Defendant demanding that the funds be turned over to the Trustee.

18. Defendant has failed to do so.

19. Based on the foregoing, and pursuant to §§ 548, 550 and 551 of the Bankruptcy Code, the Trustee is entitled to judgment against Defendant and/or in an amount not less than $15,000.00, as well as any additional amounts that may be revealed in discovery, plus interest, reasonable attorney's fees; and to attach the assets of Defendant and prevent transfers therefrom in the foregoing amount.

## **Second Claim for Relief**

## **Turnover of the Funds Pursuant to 11 U.S.C. §§ 541 and 542**

20. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Upon information and belief, Defendant is holding the funds.

22. Pursuant to § 542 of the Bankruptcy Code, Defendant must turn over the Funds to the Trustee.

23. Based on the foregoing, and pursuant to §§ 541 and 542 of the Bankruptcy Code, the Trustee is entitled to judgment against Defendant in an amount not less than $15,000.00, as well as any additional amounts that may be revealed in discovery, plus interest, reasonable attorney's fees; and to attach the assets of Defendant and prevent transfers therefrom in the foregoing amount.

**WHEREFORE**, Plaintiff respectfully requests judgment:

(1)  Avoiding and setting aside the within noted Transfer of funds in the amount of $15,000.00 by the Debtor to, or for the benefit of, Defendant.

(2)  Directing Defendant to turn over to the Trustee all monies received from the Debtor as a result of the within noted Transfer, plus interest from the date of Transfer.

(3)  Awarding reasonable attorney's fees as allowed by law;

(4)  Granting the Trustee such other and further relief as to this Court appears just and proper.

Dated:  New York, New York
        January 18, 2011

        /s/ Robert L. Geltzer
        ROBERT L. GELTZER (RG 4656)
        The Law Offices of
        ROBERT L. GELTZER
        Counsel to the Trustee
        Robert L. Geltzer, Trustee of
        Leonid Chatkhan
        1556 Third Avenue, Suite 505
        New York, New York  10128
        (212) 410-0100